UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MICHAEL MILLET | § | |
| | § | |
| v. | § | CIVIL NO. 4:20-CV-613-SDJ |
| | § | |
| COMMISSIONER, SSA | § | |

**MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the Report and Recommendation of the United States Magistrate Judge ("Report"), this matter having been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On January 5, 2022, the Report of the Magistrate Judge, (Dkt. #25), was entered containing proposed findings of fact and a recommendation that the final decision of the Commissioner of the Social Security Administration be affirmed. Plaintiff Michael Millet timely filed an objection to the Report. (Dkt. #26). Having received the Report, reviewed Millet's objection, and conducted de novo review, the Court determines that the Magistrate Judge's Report should be adopted.

A district court reviews the findings and conclusions of a magistrate judge de novo only if a party objects within fourteen days of the report and recommendation. 28 U.S.C. § 636(b)(1). To challenge a magistrate judge's report, a party must specifically identify those findings to which he objects. *See id.* Frivolous, conclusory, or general objections need not be considered by the district judge. *Nettles v. Wainright*, 677 F.2d 404, 410 & n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en

banc). And objections that simply rehash or mirror the underlying claims addressed in the report are not sufficient to entitle the party to de novo review. *See Mark v. Spears*, No. 6:18-CV-309, 2022 WL 363586, at *1 (E.D. Tex. Feb. 7, 2022); *see also Nickelson v. Warden*, No. 1:11–cv–334, 2012 WL 700827, at *4 (S.D. Ohio Mar. 1, 2012) ("[O]bjections to magistrate judges' reports and recommendations are not meant to be simply a vehicle to rehash arguments set forth in the petition."); *United States v. Morales*, 947 F.Supp.2d 166, 171 (D.P.R. 2013) ("Even though timely objections to a report and recommendation entitle the objecting party to de novo review of the findings, the district court should be spared the chore of traversing ground already plowed by the Magistrate." (quotation omitted)).

In his objection, Millet rehashes arguments considered and rejected by the Magistrate Judge in the Report. *Compare* (Dkt. #22 at 7–9), *with* (Dkt. #26). *See also* (Dkt. #25 at 15–29). Millet contends that the consultative examination ("CE report") did not include specific test results or methodological information that, in his view, was necessary for the ALJ to properly consider medical-opinion evidence and determine his residual functional capacity. (Dkt. #26 at 1–4). Without such information, Millet's argument goes, the ALJ erroneously injected his own lay opinion when evaluating the medical-opinion evidence in the record. (Dkt. #26 at 1–4).

The Magistrate Judge's Report outlined the CE report requirements, discussed the process by which the ALJ orders and considers CE reports, and addressed the recycled contentions in Millet's objection. (Dkt. #25 at 15–23). As the Magistrate Judge explained, the ALJ had no obligation in this case to recontact any of the

2

medical sources, including the consultative examiner, and did not rely on his own lay opinion in evaluating the medical evidence in the administrative record. (Dkt. #25 at 18–23 (citing, among other authorities, *Brown v. Saul*, 858 F. App'x 711, 713 (5th Cir. 2021) (per curiam)). Millet offers no new contrary authority indicating that the ALJ failed to develop the record. Nor does he point to any part of the record that controverts the Report's findings of fact and evaluation of the ALJ's opinion. The Court, reviewing de novo, concludes that the Magistrate Judge's Report is correct and Millet's objections are without merit. Where the Magistrate Judge accurately analyzes an issue, this Court sees no useful purpose in writing at length.

For these reasons, Millet's objection, (Dkt. #26), is **OVERRULED** and the Report and Recommendation of the United States Magistrate Judge, (Dkt. #25), is **ADOPTED** as the opinion of the Court.

It is therefore **ORDERED** that the decision of the Commissioner is **AFFIRMED**.

**So ORDERED and SIGNED this 16th day of February, 2022.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE